HENRY KOCH, PROSECUTOR, v. JOSEPH M. VANDERHOOF, QUI TAM, &c.

1. In the legislation of this state concerning the jurisdiction of courts for the trial of small causes, and District Courts, the phrase "every suit of a civil nature at law" does not embrace actions for statutory penalties.
2. The District Courts of the city of Newark have no general jurisdiction over actions for statutory penalties beyond $100.

On *certiorari* to the Essex Common Pleas, on appeal from the Second District Court of the city of Newark.

Argued at February Term, 1887, before Justices KNAPP and DIXON.

For the prosecutor in *certiorari, Samuel Kalisch.*

For the defendant in *certiorari, F. M. Olds.*

The opinion of the court was delivered by

DIXON, J. We have not found it necessary to decide the important question argued in this cause, touching the consti-tutionality of "An act to prohibit the manufacture and sale of impure and imitation dairy products," approved May 5th, 1884 (*Pamph. L.,* p. 289), and its amendment, approved

March 18th, 1885 (*Pamph. L., p.* 108), for the reason that we think that the court in which this action was brought was not entitled to take cognizance of it.

The suit was instituted January 20th, 1886, for a penalty of $200, given by the amendatory statute just mentioned for a violation of the provisions of the earlier act, " to be recovered by any person who may sue for the same in any court of competent jurisdiction." The plaintiff having chosen as his forum one of the District Courts of the city of Newark, the defendant insists that those courts have not general jurisdiction of actions for penalties to the sum of $200, and hence had no authority to entertain this action.

These courts were created and their original jurisdiction was conferred by " An act to establish District Courts in the city of Newark," approved March 4th, 1873. *Pamph. L., p.* 245. Under that statute they were invested with " the civil jurisdiction theretofore exercised by or conferred upon justices of the peace, within the corporate limits of the city of Newark, under and by virtue of an act entitled ' An act constituting courts for the trial of small causes,' approved April 16th, 1846, and the various supplements thereto," and other enumerated statutes, and were also invested with exclusive jurisdiction " in all civil cases arising under any of the above-recited acts," where both parties reside in Newark. At the passage of this enactment, March 4th, 1873, the jurisdiction of justices of the peace, under the act constituting courts for the trial of small causes, and its supplements, extended to " every suit of a civil nature at law, where the debt, balance or other matter in dispute did not exceed the sum or value of $100," except some specified actions (*Nix. Dig., p.* 458, § 1); and also extended to every suit for a " sum of money or penalty not exceeding $100, to be sued for and recovered by virtue of any law of this state, in any court of record, or in any court having cognizance thereof." *Nix. Dig., p.* 469, § 65. We are of opinion that the jurisdiction conferred upon justices of the peace by both of these sections of the Small Causes Court act was included in the " civil jurisdiction"

Koch v. Vanderhoof.

granted to the District Courts under the before-mentioned act of March 4th, 1873. Actions for penalties are civil actions (*Campbell* v. *Board of Pharmacy,* 16 *Vroom* 241), and therefore should be regarded as embraced within a legislative grant of "civil jurisdiction," unless the legislature has evinced a design to exclude them from the grant. No such design appears in the law creating these District Courts.

The inquiry next to be made is whether this jurisdiction over suits for penalties to the amount of $100 has been enlarged so as to cover penalties of $200.

Two statutes must be considered, one "An act concerning the District Courts of cities in this state, created by special statute," approved March 20th, 1878 (*Rev. Sup., p.* 265), which extends the jurisdiction of such courts to "every suit of a civil' nature at law in which the debt, balance or other matter in dispute does not exceed the sum or value of $200; the other "An act relative to the jurisdiction and practice of District Courts in this state," approved March 27th, 1882 (*Rev. Sup., p.* 261), which extends their jurisdiction to "every suit of a civil nature at law, in which the debt, balance, damage or other matter in dispute does not exceed the sum or value of $300." The question arising on these enactments is whether the extensions embrace suits for penalties.

Looking at them abstractly, it would appear that, nowadays at least, the words "every suit of a civil nature at law" include an action for a penalty, for such actions are deemed of a civil nature. But, in the interpretation of statutes, words are not to be regarded abstractly, but are to be considered in conjunction with not only the context of the same enactment, but also other statutes *in .pari materia.* Said Kinsey, C. J.: "In the construction of the acts of the legislature, it has ever been held a sound and wholesome rule that when divers laws are made, relating to one subject, the whole must be considered as constituting one system, and mutually connected with each other. Another rule is that when the legislature have made use of a particular expression, and given to it a plain and precise signification, the same word, when used in other pro-

ceedings, ought, unless the contrary appears manifestly right, to receive the same construction. It is unreasonable to presume that the legislature intended, by the same words, to convey different ideas." *White* v. *Hunt*, 1 *Halst.* 415. See, also, *Rudderow* v. *State*, 2 *Vroom* 512, 515 ; *Trustees of Public Schools* v. *Trenton*, 3 *Stew. Eq.* 667, 686.

Following the suggestions of these principles, then, we find that for nearly a century before these statutes this form of expression, " every suit of a civil nature at law," had been employed by the legislature in granting jurisdiction to courts for the trial of small causes, and to the District Courts, which, in part, supplanted them. It first appears in " An act constituting courts for the trial of small causes," passed March 15th, 1798 (*Pat. L., p.* 313, § 1), then in a supplement passed November 30th, 1801 (*Bloom. L., p.* 73), next in the act of the same title, passed February 12th, 1818 (*Elm. Dig., p.* 275, § 1), afterwards in the Revisions of 1846 and 1874, and finally in " An act constituting District Courts in certain cities in this state," approved March 9th, 1877 (*Rev. Sup., p.* 222), and its supplement, approved March 20th, 1878. *Rev. Sup., p.* 256. This frequent use of a uniform phrase during so long a period indicates that in legislative contemplation it expresses a precise idea, and devolves upon the courts the duty of ascertaining that idea, and giving to the same words, when found in statutes of similar character, a like interpretation.

The idea which these words have been used to convey is, I think, quite clearly one exclusive of actions for sums of money or penalties recoverable by virtue of statutes. This is evinced by the fact that in the enactments before cited there was expressly conferred the right to take cognizance of suits for the recovery of " every sum of money or penalty to be sued for and recovered by virtue of any law of this state," outside of the grant of jurisdiction over " every suit of a civil nature at law." See act of March 15th, 1798, § 42 ; act of February 12th, 1818, § 45 ; act of April 16th, 1846, § 65 ; act of March 27th, 1874, § 5 ; act of March 9th, 1877, § 10. Although it

Koch v. Vanderhoof.

occasionally happens that statutes are tautological, repeating the same thought in different language, yet this generally springs from inadvertence, and, under the primary rule of giving effect, when possible, to all parts of a statute, is admitted by the courts to exist only in cases where that conclusion is fairly inevitable. Where, as in the present instance, such tautology is alleged, not of individual words only, but of two distinct sections, conjoined, not once merely, but over and over again, not simply in original enactments, but also in several revisions designed to prune and harmonize the law, the presumption against its existence becomes very great. If any reasonable construction can be found which will exclude it, that should be adopted. Such a construction is not hard to discover. We have but to assume that the legislature had in mind three classes of suits: private suits for private wrongs, private suits for public wrongs, and public suits for public wrongs, and that by "suits of a civil nature," it meant only suits of the first class; and then both sections, in all of these statutes, become significant. Such an assumption is entirely reasonable; for, while the term "civil" may be applied to the form of litigation, in contradistinction to that which is criminal, it may also, with propriety, be applied to the *nature* of litigation, as growing out of the relations of citizens *inter sese*, rather than their relations to the state. Blackstone says *private wrongs* are frequently termed *civil injuries*. "Suits of a civil nature," then, may aptly have been used to denote remedies for such wrongs.

Our conclusion, therefore, is that in these statutes, passed at various times from 1798 to 1878, the phrase "every suit of a civil nature at law" was intended by the legislature not to include actions for statutory penalties, and that the same phrase, when used in the statutes of 1878 and 1882, now before us for construction, must receive the same interpretation.

Hence, it follows that the District Courts of the city of Newark have no general jurisdiction over actions for penalties beyond $100, and could not lawfully entertain this suit.

The judgments below must be reversed.